UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN SAND,
8885 S. 68th St.
Franklin, WI 53132

       Plaintiff,

   v.                                 **Case No.: 19-CV-348**
                                   550 Civil Rights

MILWAUKEE COUNTY HOUSE OF CORRECTION,
8885 S. 68th St.
Franklin, WI 53132

MICHAEL HAFEMANN,
8885 S. 68th St.
Franklin, WI 53132

ARAMARK AMERICAN FOOD SERVICES, INC., A/K/A ARAMARK CORRECTIONAL SERVICES, LLC
1101 Market St.
Philadelphia, PA 19107

OFFICIALS OF THE HOUSE OF CORRECTION (JOHN AND JANE DOES),
8885 S. 68th St.
Franklin, WI 53132

OFFICIALS OF ARAMARK CORRECTIONAL SERVICES (JOHN AND JANE DOES),
1101 Market St.
Philadelphia, PA 19107

       Defendants.

---

### COMPLAINT

---

     COMES NOW, Plaintiffs Steven Sand, by his attorneys Padway & Padway, Ltd., and as and for his Complaint against the Defendants alleges and shows as follows:

# INTRODUCTION

1. Steven A. Sand, a prisoner confined to the Milwaukee County House of Corrections ("HOC") is a practicing orthodox Jew and, as such, requires a kosher diet, one which meets all mandates under Jewish dietary law. The HOC and Aramark have repeatedly failed to offer Mr. Sand, or allow him to obtain, a meal that satisfies the requirements of Jewish dietary law and have violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*, as well as the United States and Wisconsin Constitution. Appropriate injunctive and declaratory relief must issue.

# JURISDICTION, VENUE, CAUSE OF ACTION

2. This Court has jurisdiction over Mr. Sand's claim pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. Mr. Sand brings his claim pursuant to 42 U.S.C. § 2000cc-2(a) and 42 U.S.C. §1983.

6. Plaintiff has exhausted all available administrative remedies.

# PARTIES

7. Steven A. Sand is an adult confined to the Milwaukee County House of Corrections, a jail facility located in the County of Milwaukee, Wisconsin.

8. The Superintendent of the HOC, Michael Hafemann, is the duly appointed head of the HOC and he is sued in his official capacity pursuant to the Federal Rules of Civil Procedure 17(d).

9. Aramark is the food service company contracted to provide meals to inmates at the HOC.

10. Michael Hafemann is sued in his personal capacity under §1983.

11. Unknown HOC officials, John and Jane Does, are sued in their personal capacity under §1983.

12. Unknown Aramark officials, John and Jane Does, are sued in their personal capacity under §1983.

**FACTS**

13. Steven A. Sand is an Orthodox Jew and holds sincerely held religious beliefs.

14. The plaintiff is currently a member of two orthodox synagogues in Wisconsin.

15. Orthodox Jews are required to adhere to Jewish dietary law, commonly known as a kosher diet.

16. Orthodox Jews view their religious diet as mandatory.

17. For example, it is mandatory for Mr. Sand that he maintain a kosher diet.

18. Jewish dietary law contains restrictions on foods that can be eaten, the preparation of such foods, and the way they are consumed.

19. Certain foods, such as pork and shrimp, are forbidden to be eaten, and are to be excluded from a kosher diet.

20. Certain foods, such as milk and meat, are forbidden to be eaten together, and such a combination is to be excluded from a kosher diet.

21. Meats are deemed kosher only if they are slaughtered in the manner proscribed by Jewish dietary law.

22. Mr. Sand has been incarcerated since June 1, 2018.

23. On June 1, 2018, the plaintiff's Rabbi provided the HOC with a letter advising the HOC that the plaintiff "is an observant, orthodox Jew who eats an exclusively kosher diet." (Exhibit A).

24. Mr. Sand's Rabbi's letter requested that the HOC provide the plaintiff with "only food that is certified kosher and in its original packaging." (*See* Exhibit A).

25. Mr. Sand verbally explained to the HOC on numerous occasions that he is required to adhere to Jewish dietary law.

26. The plaintiff repeatedly advised the HOC of the food preparation, service requirements, and acceptable foods, under Jewish dietary law.

27. The HOC did not provide the plaintiff with kosher meals, and routinely provided him with meals that violate the most basic tenets of Jewish dietary law. For example, a picture of a meal provided by the HOC and labeled a 'kosher' lunch, consisting of a bologna and cheese sandwich is attached hereto as Exhibit B.

28. A bologna and cheese sandwich violates the most basic tenets of Jewish dietary law; bologna is commonly made from pork, forbidden in a kosher diet, and the sandwich mixed milk and meat, also forbidden in a kosher diet.

29. A copy of information concerning kosher dietary restrictions that was provided to officials at the HOC is attached hereto and identified as Exhibit C.

30. The bread, cookies and tortillas offered by the HOC/Aramark are not kosher because they lack kosher certification and, among other reasons, some of the underlying ingredients consist of non-kosher items such as pork fat.

31. The plaintiff filed numerous grievances with the HOC in attempt to receive kosher meals. (*See* Exhibit D).

32. Both the HOC and Aramark responded to the plaintiff's grievances.

33. On August 20, 2018, Aramark stated that it was not responsible for providing kosher meals, and that the HOC was responsible for providing Kosher Meals. (Exhibit E).

34. In October of 2018, the HOC responded to a grievance of August 21, 2018 and offered to allow plaintiff to bring in his own kosher meals so long as the meals were scanned and the plaintiff signed a liability waiver for the purposes of insulating the HOC from liability in the event the meal plaintiff brought in made him sick. (Exhibit F).

35. The HOC has failed or refused to provide Mr. Sand with a waiver.

36. Mr. Sand has been granted work release, and has attempted to bring in his own meals, but his food was thrown out when he attempted to return to the HOC.

37. On October 8, 2018, when the plaintiff submitted a grievance that he did not receive a kosher meal; the HOC called Aramark to inquire about the plaintiff's meal and Aramark stated that all of the meals provided to the plaintiff were kosher. (*See* Exhibit D at p. 7).

38. The plaintiff received some meals that contained kosher parts, but many more that did not contain any kosher parts. On many days, the caloric intake of the kosher food was not sufficient under the federal guidelines.

39. Some of the plaintiff's meals contained portions that were kosher, and other portions that were not.

40. The plaintiff could eat only portions of some of his meals.

41. On December 13, 2018, the plaintiff drafted a letter to the superintendent of the HOC, Michael Hafemann, advising that he had been denied kosher meals. (*See* Exhibit G).

42. On or before January 11, 2019, the plaintiff's Rabbi reached out to Milwaukee County Corporation Counsel to discuss the HOC's failure to provide the plaintiff with kosher meals. (*See* Exhibit H).

43. On January 11, 2019, Milwaukee County Corporation Counsel responded to Mr. Sand's Rabbi and advised that the HOC has provided the plaintiff with multiple options, including kosher meals offered by the HOC, but the plaintiff has rejected them. (Exhibit H).

44. Corporation counsel's understanding that the HOC has 'kosher meals' is incorrect, as over a month later, on February 25, 2019, the HOC required the plaintiff to

sign an agreement that he must pay for his kosher meals if he wanted them to be delivered to the HOC (*See* Exhibit I); i.e., if the HOC was capable of providing Mr. Sand with kosher meals as represented by Corporation Counsel, Mr. Sand would not have been required to sign the February 25, 2019 waiver stipulating that he had to pay for the cost of bringing in kosher meals.

45. On February 25, 2019, the plaintiff signed the agreement requiring him to pay for all kosher meals, but the HOC/Aramark has not yet provided the plaintiff with kosher meals. (Exhibit I).

46. The HOC/Aramark has been providing Mr. Sand with meals that are prohibited by Jewish dietary law.

47. Mr. Sand has been advised that if he does not eat the meals he has been given, he will be put on suicide watch and placed in solitary confinement.

48. Because the HOC/Aramark is failing to provide Mr. Sand with a kosher diet, Mr. Sand is being denied a kosher diet and this denial has imposed a substantial and unjustified burden on Mr. Sand's religious exercise.

49. Mr. Sand has fully exhausted his grievance remedies concerning the denial of a kosher diet.

50. Mr. Sand is and has been caused irreparable harm for which there is no adequate remedy at law.

51. The HOC receives federal financial assistance and is therefore subject to the requirements of RLUIPA.

## CLAIMS FOR RELIEF

52. The plaintiff incorporates and realleges all preceding paragraphs.

53. The failure of the HOC to allow Mr. Sand to receive meals compatible with a kosher diet violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, *et seq*.

54. The refusal of the HOC and its officials, as well as Aramark, to allow Mr. Sand to receive meals compatible with a kosher diet violates the free exercise clause in the first amendment to the United States Constitution and the free exercise clause in the State of Wisconsin's Constitution.

55. The refusal of HOC and its officials, as well as Aramark, to allow Mr. Sand to receive meals compatible with a kosher diet, while at the same time providing meals to other inmates compatible with other religious dietary restrictions violates the equal protection clause of the fourteenth amendment to the United States constitution.

## SECTION 1983

56. The HOC, its officials, and Aramark, along with Aramark's officials, are persons under the meaning of §1983.

57. The HOC, its officials, and Aramark, along with Aramark's officials, had an official policy, custom or practice, established by HOC and Aramark officials, to refuse to offer inmates meals that complied with Jewish dietary law.

58. The HOC, its officials, and Aramark, along with Aramark's officials, knew that they were not offering meals that complied with Jewish dietary laws to the plaintiff.

59. The HOC, its officials, and Aramark, along with Aramark's officials, served meals to the plaintiff that they represented to be kosher meals, but the HOC, its officials, and Aramark, along with Aramark officials knew that the meals served to the plaintiff were not kosher.

60. The HOC, its officials, and Aramark, along with Aramark's officials, failed to supervise or discipline employees who violated the plaintiff's rights under the free exercise clause and the equal protection clause.

61. The HOC, its officials, and Aramark, along with Aramark's officials, engaged in systematic discrimination to Jewish inmates, contrary to the United States and Wisconsin Constitutions, by failing and refusing to provide meals that comply with Jewish dietary laws.

**REQUEST FOR RELIEF**

WHEREFORE, the plaintiff requests that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Declare that the actions and inaction of the defendants have violated plaintiff's rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, *et. seq.*, as well as the plaintiff's rights under the United States and Wisconsin constitution.

c. Enter a preliminary injunction, later to be made permanent, requiring the defendants to provide the plaintiff with a kosher diet.

d. Award the plaintiff compensatory and punitive damages in an amount that proven at trial.

e. Award the plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

f. Award all other proper relief.

Dated this March 8, 2019 at Milwaukee, Wisconsin.

PADWAY & PADWAY, LTD.
Attorneys for the plaintiff.

By: *Aaron A. DeKosky*
Aaron A. DeKosky
SBN: 1081404

**P.O. ADDRESS**
Padway & Padway, Ltd.
633 W. Wisconsin Avenue
Suite 1900
Milwaukee, WI 53203
www.padwaylaw.net

Phone: 414-277-9800
Fax: 414-277-0189
adekosky@padwaylaw.net